IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>-vs-<br><br>KEITH DAVID WILSON,<br><br>                   Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br><br>Case No.  2:06-cr-867 TC |

On December 13, 2006, a grand jury indicted Defendant Keith Wilson for "knowingly fail[ing] to update a registration as required by the Sex Offender Registration and Notification Act, all in violation of Title 18, United States Code, Section 2250." Asserting several constitutional violations, Mr. Wilson now moves to dismiss the indictment.

For the reasons stated more fully below, the court GRANTS Mr. Wilson's Motion to Dismiss Indictment.

**Background**

On March 8, 1993, Mr. Wilson was convicted of Rape in the Third Degree and registered as a sex offender in South Dakota. Mr. Wilson eventually moved to Utah but failed to register as a sex offender in his new home state, leading to this indictment.

Among his constitutional claims, Mr. Wilson says his prosecution under the Sex Offender Registration and Notification Act ("SORNA") violates the Ex Post Facto Clause of the United States Constitution because he entered Utah before July of 2006, when President Bush signed SORNA into law. For purposes of this motion, the United States stipulates that Mr. Wilson

moved to Utah before SORNA was enacted.

## Analysis

The court agrees with the reasoning of several district courts and rules that retroactive application of SORNA violates the Ex Post Facto Clause by increasing Mr. Wilson's potential criminal punishment for his failure to register prior to the Act.  See United States v. Smith, 481 F. Supp. 2d 846, 853 (E.D. Mich. 2007); United States v. Deese, No. CR-07-167-L, 2007 WL 2778362, at *3 (W.D. Okla. Sept. 21, 2007); United States v. Stinson, No. 3:07-00055, 2007 WL 2580464, at *6 (S.D.W. Va. Sept. 7, 2007).

Under the two-step ex post facto analysis, the court first considers whether Mr. Wilson would be punished retroactively for conduct that predated the Act, and second whether Mr. Wilson's retroactive punishment has increased because of the Act.  "To fall within the ex post facto prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime."  Lynce v. Mathis, 519 U.S. 433, 441 (1997) (quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)).  "If the intention of the legislature was to impose punishment, that ends the inquiry."  Smith v. Doe, 538 U.S. 84, 92 (2003).

First, SORNA retroactively punishes Mr. Wilson for conduct which predates the Act. The parties stipulated for purposes of this motion that Mr. Wilson moved to Utah and failed to register as a sex offender—which is the basis for the indictment—before SORNA's enactment.

Second, when Mr. Wilson moved to Utah, his failure to register was punishable as a misdemeanor under 42 U.S.C. § 14072(i), but under SORNA, that same failure to register is now

punishable by up to ten years in prison. See 42 U.S.C. § 14072(i) ("A person who . . . knowingly fails to register in any State in which the person resides, is employed, carries on a vocation, or is a student following release from prison or sentencing to probation, shall, in the case of a first offense under this subsection, be **imprisoned for not more than 1 year** . . . .") (emphasis added); 18 U.S.C. § 2250(a) ("Whoever . . . knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or **imprisoned not more than 10 years**, or both.") (emphasis added). Increasing the punishment from a maximum imprisonment of one year to up to ten years, clearly "increas[es] the punishment for the crime." Lynce, 519 U.S. at 441; see also Deese, 2007 WL 2778362, at *3 ("Subjecting a defendant who traveled in interstate commerce prior to the effective date of SORNA to a ten-fold increase in punishment clearly 'disadvantage[s] the offender affected by it.'") (quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)). Consequently, punishing Mr. Wilson for violating SORNA based on conduct which predates the Act would violate the Ex Post Facto Clause.

     Additionally, the court finds that Mr. Wilson's failure to register is not a continuing offense. When Mr. Wilson moved to Utah, he violated 42 U.S.C. § 14072 because he failed to register as a sex offender within ten days. But that crime was "not a continuing offense where an individual can be prosecuted separately for each day he fails to register after the 10th day." Smith, F. Supp. 2d at 852. Rather, Mr. Wilson's crime was completed "on the 11th day after the defendant travel[ed] in interstate commerce from one jurisdiction to another, and fail[ed] to register after 10 days." Id.; see also Stinson, 2007 WL 2580464, at *7 ("[A] violation of § 2250 is not a continuing offense but, rather, is complete when the defendant travels in interstate

commerce and then fails to register within the prescribed time period.").

And the plain language of SORNA indicates that Mr. Wilson's failure to register is not a continuing offense. Under 18 U.S.C. § 2250, punishment is only appropriate if a person: (1) "is required to register under the Sex Offender Registration and Notification Act;" (2) "travels in interstate or foreign commerce"; and (3) "knowingly fails to register . . . ." 18 U.S.C. § 2250(a). Critically, the second element uses the present tense of the verb "travels," rather than the past tense of the verb. See Smith, F. Supp. 2d at 850 ("The Supreme Court has also noted that in the context of criminal laws, 'Congress' use of a verb tense is significant in construing statutes.'") (quoting United States v. Wilson, 503 U.S. 329, 333 (1992)). This verb choice indicates that Congress intended to punish a sex offender's failure to register in connection with the individual's interstate travel. Because traveling interstate is necessarily an element which can and must be completed in order to prosecute under SORNA, the crime cannot be continuous. Specifically, Congress did not "'clearly contemplate[] a prolonged course of conduct.' Rather, the statute contemplates a single act even though there may be continuing effects." United States v. Dunne, 324 F.3d 1158, 1165 (10th Cir. 2003) (quoting Toussie v. United States, 397 U.S. 112, 120 (1970)). Accordingly, Mr. Wilson's failure to register under SORNA cannot qualify as a continuous crime because he completed the second element when he had traveled interstate in order to move to Utah.

Finally, the United States cites to several district court orders that conclude SORNA does not violate the Ex Post Facto Clause. (See United States' Resp. Mot. To Dismiss, at 17 n.6.) But these cases are unpersuasive because they rely heavily on the Supreme Court's ruling in Smith v. Doe, 538 U.S. 84 (2003), which did not address the issue presently before the court. In Smith,

the Supreme Court considered only "whether the **registration requirement** is a retroactive punishment prohibited by the Ex Post Facto Clause." Id. at 89 (emphasis added).  In Smith, sex offenders who were convicted prior to Alaska's registration statute had initiated a lawsuit under 42 U.S.C. § 1983 seeking to strike down the registration requirement as unconstitutional, but they were not facing prosecution as criminal defendants for failing to register.  Id. at 91.  Without considering the criminal punishment for failing to register, the Court determined that the registration requirement only "create[d] a civil, nonpunitive regime," id. at 96, and consequently that "retroactive application does not violate the Ex Post Facto Clause." Id. at 106.[1]

Unlike the plaintiffs in Smith, Mr. Wilson faces a ten-fold increase in criminal punishment for conduct which preceded SORNA.  Punishing Mr. Wilson under SORNA would violate the Ex Post Facto Clause of the United States Constitution.[2]

---

[1] Similarly, the Tenth Circuit cases cited by the United States involve civil challenges to sex offender registry statues brought under § 1983, and do not involve a challenge by a criminal defendant.  See Herrera v. Williams, 99 Fed. Appx. 188, 190 (10th Cir. 2004) ("[S]ex offender registry laws do not fall within the purview of the ex post facto clause because they impose only civil burdens upon sex offenders and do not implicate criminal punishments, as required by the ex post facto clause."); see also Femedeer v. Haun, 227 F.3d 1244, 1247 (10th Cir. 2000) ("Plaintiff-Appellee-Cross-Appellant Jon Femedeer brought the present action under 42 U.S.C. § 1983, alleging that Utah's recently amended sex offender registration and notification system violates various federal constitutional guarantees.").

[2] Because the court dismisses Mr. Wilson's indictment as a violation of the Ex Post Facto Clause, the court does not consider Mr. Wilson's other constitutional claims.

**<u>Order</u>**

For the foregoing reasons, Mr. Wilson's Motion to Dismiss Indictment (dkt. #41) is GRANTED.

SO ORDERED this 16th day of October, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge